UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL AGUILERA,<br>　　　　Plaintiff,<br>　　v.<br>C. E. DUCART, et al.,<br>　　　　Defendants. | Case No. 18-cv-03389-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; GRANTING PLAINTIFF LEAVE TO AMEND; SETTING BRIEFING SCHEDULE**<br><br>Re: Dkt. No. 16 |

Plaintiff, an inmate at Pelican Bay State Prison ("PBSP") has filed the instant *pro se* action under 42 U.S.C. § 1983, alleging that, on May 24, 2017, PBSP officers Molina, Hendrix, Gonzalez and Vick used excessive force on him and PBSP Warden Ducart was deliberately indifferent to his serious medical needs. Dkt. No. 1; Dkt. No. 11. Now pending before the Court is Defendants' motion to dismiss. Dkt. No. 16. For the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART the motion to dismiss and GRANTS Plaintiff leave to amend the complaint.

**DISCUSSION**

**I.　Complaint**

The complaint makes the following allegations.

On May 24, 2017, in the course of responding to an incident, Defendant Molina ordered correctional officials to use deadly force against plaintiff which resulted in plaintiff being shot in the face on Facility 4B-3 yard between the urinals and 5 block. Dkt. No. 1 ("Compl.") at 6. Defendant Vick intentionally targeted plaintiff while plaintiff was unarmed and not a threat, and used deadly force by shooting plaintiff in the face with a mini 14 Ruger. *Id.* Defendant Hendrix used excessive and deadly force when he fired multiple shots at plaintiff while plaintiff was

1    unarmed and not a threat. *Id.* Defendant Gonzalez used excessive force when he shot plaintiff
2    multiple times while plaintiff was unarmed and not a threat. *Id.* When Officers Buchannan and
3    Rippetoe picked plaintiff up to transfer him to CTC, Defendant Ducart yelled at them, "You
4    should let him die there." *Id.*

   The Court found that, liberally construed, these allegations stated a cognizable Eighth Amendment claim against PBSP prison guards Molina, Hendrix, Gonzalez and Vick for use of excessive force, and against PBSP Warden Ducart for deliberate indifference to plaintiff's serious medical needs. Dkt. No. 11.

## II. Request for Judicial Notice

The Court GRANTS Defendants' unopposed request for judicial notice ("RJN") of the following pleadings in *Ulloa v. Jacobsen*, C No. 4:18-cv-0319 HSG (N.D. Cal.): (1) Complaint, filed May 1, 2018, docketed at Dkt. No. 1; and (2) Order of Service, filed Sept. 1, 2018, docketed at Dkt. No. 7, because they are pleadings filed in a court and have a direct relation to the matters at issue, and because these pleadings can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (federal courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue."); Fed. R. Evid. 201(b). However, while the Court takes judicial notice of these court documents, the Court does not take judicial notice of the documents for the truth of the matters asserted in them. *In re Bare Escentuals, Inc. Sec. Lit.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) (in considering defendant's motion to dismiss, court took judicial notice of existence of unrelated court documents, but declined to take judicial notice of truth of matters set forth in these documents); *see also McMunigal v. Bloch*, No. C 10–02765 SI, 2010 WL 5399219, *2 n.1 (N.D. Cal. Dec. 23, 2010) (granting judicial notice of documents filed in another lawsuit for purposes of noticing existence of lawsuit, claims made in lawsuit, and that various documents were filed, but not for truth of matters asserted in the documents). In other words, the Court recognizes that these documents were filed in *Ulloa* but does not assume the truth of the allegations in the *Ulloa* pleadings.

### III. Motion to Dismiss

Defendants seek dismissal of the complaint on the following grounds: (1) Plaintiff has made no allegations that Defendants Hendrix, Molina or Gonzalez used force on him and Plaintiff's allegations do not support an excessive force claim against Defendant Vick; and (2) Warden Ducart's alleged conduct cannot constitute deliberate indifference to Plaintiff's serious medical needs because the alleged conduct did not harm Plaintiff.

#### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss an action based on the complaint's failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claim alleged. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). The issue is "not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims" advanced in his or her complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984). "[A] complaint need not contain detailed factual allegations; rather, it must plead enough facts to state a claim to relief that is plausible on its face." *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins*, 568 F.3d at 1067. All ambiguities or doubts must also be resolved in the plaintiff's

favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). "[T]o ensure that *pro se* litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements[,]" the pleadings of *pro se* litigants "are liberally construed, particularly where civil rights claims are involved." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In evaluating the motion to dismiss, the Court may only consider the complaint and documents attached as exhibits to the complaint. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.") (internal quotation marks and citation omitted). The Court may also consider two other types of extrinsic evidence without converting a 12(b)(6) motion to a summary judgment motion. First, a court may consider materials which are either properly submitted as part of the complaint, or if the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is uncontested and the complaint necessarily relies on the documents, referred to as the incorporation by reference doctrine. *Lee*, 250 F.3d at 688–89. Second, a court may consider documents of which the court may take judicial notice. *Id.*; *see Ritchie*, 342 F.3d at 908 ("A court may . . . consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment."). The Court cannot consider facts alleged in later-filed pleadings. For the purposes of the motion to dismiss, the Court must accept as true the allegations in the complaint even if they are contradicted by evidence presented in later-filed pleadings or by the plaintiff's own later-filed pleadings. *See Lee*, 250 F.3d at 688; *Cousins*, 568 F.3d at 1067.

The Court must grant leave to amend a deficient complaint "[u]nless it is absolutely clear that no amendment can cure the defects." *See Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1126, 1130 (9th Cir. 2000).

//

//

4

**B. Eighth Amendment Excessive Force Claim**

**1. Legal Standard**

When prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). In determining whether the use of force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7. Prison officials may use force only in proportion to the need in each situation. *Spain v. Procunier*, 600 F.2d 189, 195 (9th Cir. 1979). A significant injury is not a threshold requirement for stating an excessive force claim. *Hudson*, 503 U.S. at 7. Whether the alleged wrongdoing is objectively harmful enough to establish a constitutional violation is contextual and responsive to contemporary standards of decency. *Id.* at 8 (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Contemporary standards of decency are always violated when prison officials maliciously and sadistically use force to cause harm "whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id.* at 9. To conclude that the absence of some arbitrary quantity of injury requires automatic dismissal of an excessive force claim improperly bypasses *Hudson*'s core inquiry of whether force was applied maliciously and sadistically to cause harm. *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010).

**2. Defendants Molina, Hendrix, and Gonzalez**

Defendants argue that plaintiff cannot state a cognizable excessive force claim against Defendants Molina, Hendrix, and Gonzalez because the complaint does not allege that these defendants used force on him, that the unpled force was excessive, or that the unpled force was motivated by malicious or sadistic intent. Dkt. No. 16 at 5-6. Specifically, Defendants argue that

5

the shooting happened in the context of a prison riot that broke out at Pelican Bay State Prison while plaintiff was on the recreational yard, and that because prison officials were acting in response to an immediate disciplinary need, the "malicious and sadistic" standard, rather than the "deliberate indifference" standard, applies to the excessive force claim. *Id*. at 6. The implied argument is that any force used during this prison riot could not be either malicious or sadistic because it was used to restore discipline.

Plaintiff opposes the motion to dismiss on the grounds that there is no evidence that he was the aggressor during the riot or that the force used was otherwise justified. Plaintiff contends that the evidence (defendants' interrogatory responses, prison incident reports, prison medical records) support his assertion that the force used was both unjustified and excessive. The Court cannot consider the arguments and evidence presented by plaintiff in his opposition because they rely on materials outside of the complaint, such as discovery responses, prison disciplinary reports, prison incident reports, and prison health records. *Ritchie*, 342 F.3d at 908. Plaintiff's arguments, while well presented, cannot be considered at the motion to dismiss stage. Plaintiff's arguments would be appropriate at summary judgment, when the Court would consider whether there is a triable issue of material fact as to whether Defendants Hendrix, Molina or Gonzalez's actions violated the Eighth Amendment. In considering a motion to dismiss, however, the question is whether the complaint's factual allegations regarding Defendants Hendrix, Molina or Gonzalez, if accepted as true and construed in the light most favorable to plaintiff, state a cognizable claim for excessive force in violation of the Eighth Amendment.

Liberally construed and accepted as true for the purposes of this motion to dismiss, the complaint's allegation that plaintiff was unarmed and not a threat when Defendant Molina authorized correctional officials to shoot at him and when Defendants Hendrix and Gonzalez shot at him states a cognizable claim for excessive force in the violation of the Eighth Amendment. Even if the actions taken by Defendants Molina, Hendrix and Gonzalez were in the context of subduing a prison riot, if plaintiff was unarmed and not a threat, as alleged in the complaint, it is plausible that shooting at plaintiff would not be a good-faith effort to maintain or restore discipline, but would rather be an action done with malice with the intent to cause harm to

6

plaintiff.[1] *See Spain*, 600 F.2d at 195 (force used must be proportionate to need). Defendants Molina, Hendrix, and Gonzalez need not have caused significant injury to plaintiff for an excessive force claim to be sufficiently stated at the pleading stage. *Hudson*, 503 U.S. at 7. Accordingly, the Court DENIES Defendants' motion to dismiss Defendants Molina, Hendrix and Gonzalez from this action.

### 3. Defendant Vick

Defendants argue that Defendant Vick should be dismissed because plaintiff has not alleged a factual basis that Defendant Vick's conduct was motivated by malicious and sadistic intent. Defendants' argument is based on the legal argument that because Defendant Vick shot plaintiff during the course of a prison riot, the force used was a good faith effort to restore discipline and therefore did not violate the Eighth Amendment. As explained above, the fact that the force was used while a prison riot was ongoing does not necessarily mean that the amount of force used was constitutional. The complaint alleges that plaintiff was unarmed and did not pose a threat. It is plausible that when Defendants shot at unarmed inmates who were in the general vicinity of the riot but did not pose a threat, such an action was not taken in good faith, or such an action was not done with the intent to restore discipline, or the action taken was not proportionate to the needs of the situation. Accordingly, the Court DENIES Defendants' motion to dismiss Defendant Vick from this action.

## C. Eighth Amendment Deliberate Indifference to Serious Medical Needs Claim

### 1. Legal Standard

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting

---

[1] While the Court has taken judicial notice of both the complaint and order of service in *Ulloa*, taking judicial notice of these pleadings simply acknowledges that these pleadings were filed. These pleadings do not establish as fact that shooting plaintiff in the face was a good-faith effort to subdue the prison riot. In considering a motion to dismiss, the question is whether the plaintiff has sufficiently pled facts in support of the claim or claims that would entitle him to relief. *See Hishon*, 467 U.S. at 73.

7

harm. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Neither a finding that a defendant's actions are egregious nor a showing that they resulted in significant injury to a prisoner is required to establish a violation of the prisoner's federal constitutional rights. *McGuckin*, 974 F.2d at 1060, 1061 (citing *Hudson v. McMillian*, 503 U.S. 1, 7-10 (1992) (rejecting "significant injury" requirement and noting that Constitution is violated "whether or not significant injury is evident").

### 2. Defendant Ducart

Defendants argue that Defendant Ducart should be dismissed from this action because there is no allegation that his statement, "You should let him die there" caused plaintiff any harm because it was made as plaintiff was taken away for medical treatment. Dkt. No. 16 at 6-7. Plaintiff argues that Defendant Ducart is liable for any constitutional violations committed by his subordinates, including the excessive force used on him by the other defendants. Plaintiff also asserts that there is a "disturbing rumor" that Defendant Ducart yelled at correctional officers for not leaving plaintiff in the yard to die on the day of the prison riot. Dkt. No. 34 at 8.

The complaint currently does not state an excessive force claim against Defendant Ducart. If plaintiff wishes to bring an excessive force claim against Defendant Ducart, he must file an amended complaint bringing such a claim. However, the excessive force claim described in plaintiff's opposition fails to state a Section 1983 claim because it argues that Defendant Ducart is responsible for the actions of his subordinates. Under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another, also referred to as respondeat superior liability. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under section 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003–04 (9th Cir. 2012). Even if a supervisory official is not directly involved in the allegedly unconstitutional conduct, "[a] supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his

8

acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (citation omitted). Accordingly, although plaintiff has stated a cognizable Eighth Amendment claim for use of excessive force against Defendants Molina, Hendrix, Gonzalez, and Vicks, a cognizable claim against these defendants does not automatically state a cognizable excessive force claim against Defendant Ducart simply because he is their supervisor. If plaintiff can truthfully allege facts showing that Defendant Ducart directly used excessive force against plaintiff, or otherwise engaged in wrongful conduct that directly resulted in the use of excessive force against plaintiff, he may file an amended complaint that brings such a claim.

With respect to plaintiff's claim that Defendant Ducart was deliberately indifferent to his serious medical need, the Court agrees that the complaint's factual allegations fail to state a cognizable Eighth Amendment claim. According to the complaint, despite Defendant Ducart's instruction to leave plaintiff in the yard to die, correctional officials promptly took plaintiff to receive medical treatment.[2] Defendant Ducart's instruction did not delay or prevent plaintiff from receive medical treatment. There was no resulting harm to plaintiff from Defendant Ducart's instruction. Accordingly, plaintiff has not stated a cognizable Eighth Amendment claim against Defendant Ducart. The Court will GRANT Defendants' motion to dismiss Defendant Ducart from this action. However, the Court will grant plaintiff leave to amend this claim if he can truthfully do so. *See Lopez*, 203 F.3d at 1130 (leave to amend should be granted if it appears at all possible that the plaintiff can correct the deficiency). If plaintiff chooses to amend this claim, he must specify what harm resulted from Defendant Ducart's instruction.

//

---

[2] Defendant Ducart's statement is akin to verbal harassment. Allegations of verbal harassment and abuse fail to state a claim cognizable under Section 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *see, e.g., Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended* 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate Eighth Amendment); *Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right). Allegations of mere threats also are not cognizable under Section 1983. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1. The Court GRANTS Defendants' request for judicial notice, and GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss. Dkt. No. 16. The Court DENIES Defendants' motion to dismiss the excessive force claims against Defendants Molina, Hendrix, Gonzalez, and Vicks. The Court GRANTS Defendants' motion to dismiss the deliberate indifference to serious medical needs claim against Defendant Ducart, but GRANTS Plaintiff leave to amend this claim.

2. If Plaintiff chooses to file an amended complaint, he must file the amended complaint within **twenty-eight (28) days** of the date of this order. The amended complaint must include the caption and civil case number used in this order, Case No. C 18-03389 HST (PR) and the words "AMENDED COMPLAINT" on the first page. The Clerk shall include two copies of a blank complaint form with a copy of this order to Plaintiff.

If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaint, Plaintiff must include in his amended complaint all the claims he wishes to present, including the claims that the Court has already found cognizable, and all the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaints by reference. Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the second amended complaint.

If Plaintiff fails to file an amended complaint in accordance with this order in the time provided, this action will proceed solely on the excessive force claims against Defendants Molina, Hendrix, Gonzalez and Vicks, and Defendant Ducart will be dismissed from this action with prejudice.

3. The Court sets the following briefing schedule. No later than 91 days from the date this Order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. Plaintiff's

10

opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed. Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

This order terminates Dkt. No. 16.

**IT IS SO ORDERED.**

Dated: 9/3/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge