UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL AGUILERA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. E. DUCART, et al.,<br><br>　　　　　Defendants. | Case No. 18-cv-03389-HSG<br><br>**ORDER SCREENING FIRST AMENDED COMPLAINT; RESETTING BRIEFING SCHEDULE**<br><br>Re: Dkt. No. 38 |

Plaintiff, an inmate at Pelican Bay State Prison ("PBSP") has filed a *pro se* action under 42 U.S.C. § 1983. On September 3, 2019, the Court denied defendants' motion to dismiss the excessive force claims against Defendants Molina, Hendrix, Gonzalez, and Vicks, but granted defendants' motion to dismiss the deliberate indifference to serious medical needs claim against Defendant Ducart. Dkt. No. 37. The Court granted Plaintiff leave to amend his claim against Defendant Ducart. Plaintiff's amended complaint (Dkt. No. 38) is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

**A.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although a complaint "does not need detailed factual allegations [in order to state a complaint], . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Amended Complaint**

The amended complaint makes the following allegations.

On May 24, 2017, there was an incident while plaintiff was at yard and, in the course of responding to the incident, correctional officials deliberately targeted and shot plaintiff in the face. Specifically, Defendant Molina ordered correctional officials to use deadly force to respond to the incident. Defendants Hendrix, Vick, and Gonzalez all used deadly force by shooting their assault rifles. Plaintiff was shot on the center and right side of his face on Yard No. 3 between the urinals and 5 block. The force used on plaintiff was unjustified in that at the time he was shot he was not showing any aggressive behavior or engaging in any assaults. Dkt. No. 38 at 6-7.

After correctional officials secured the area at approximately 10:19 a.m., it took correctional officials, who were under the supervision of Defendant Ducart, approximately one hour to ensure that plaintiff received proper medical care at Sutter Coast Hospital, which plaintiff characterizes as "1 hour of abusive medical delay." Dkt. No. 38 at 7. Plaintiff went into a coma for a couple days. After plaintiff's return from the hospital, under Defendant Ducart's

2

supervision, plaintiff was placed in ad-seg to cover up defendants' unconstitutional use of force. Dkt. No. 38 at 8.

The amended complaint states a cognizable Eighth Amendment claim against Defendants Molina, Hendrix, Vick, and Gonzalez.[1] *Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment."). However, the amended complaint fails to state a cognizable claim against Defendant Ducart for the same reasons set forth in the Court's September 3, 2019 order. Like the original complaint, the amended complaint alleges that Defendant Ducart is liable because the wrongdoers were under his supervision. As explained previously, under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another, also referred to as supervisory liability. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff has had an opportunity to amend his claim against Defendant Ducart but has been unable to correct the deficiency. Accordingly, the Court DISMISSES Defendant Ducart from this action with prejudice. *See, e.g., Williams v. California*, 764 F.3d 1002, 1018-19 (9th Cir. 2014) (affirming dismissal of amended complaint without leave to amend based on futility where, despite having received "two chances to articulate clear and lucid theories underlying their claims" the plaintiffs merely repeated allegations previously found deficient).

**CONCLUSION**

For the foregoing reasons, the Court hereby orders as follows:

1. The amended complaint states a cognizable Eighth Amendment claim for use of excessive force against Defendants Molina, Hendrix, Vick, and Gonzalez.

2. Defendant Ducart is DISMISSED from this action with prejudice.

3. The Court sets the following briefing schedule. No later than 91 days from the date this Order is filed, defendants must file and serve a motion for summary judgment or other

---

[1] Plaintiff alleges that defendants used excessive force "in violation of the Eighth Amendment (and under State Tort Law)." Dkt. No. 38 at 6. However, plaintiff has informed the Court that he did not wish to bring a claim under state tort law. Dkt. No. 41. Accordingly, the Court has only addressed the Eighth Amendment claim.

dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than 28 days from the date the motion is filed. Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

**IT IS SO ORDERED.**

Dated: 11/27/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge