UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL AGUILERA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>T. MOLINA, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-03389-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; SETTING BRIEFING SCHEDULE**<br><br>Re: Dkt. No. 44 |

Plaintiff has filed a *pro se* action under 42 U.S.C. § 1983. Now pending before the Court is defendants' motion to dismiss the amended complaint. Dkt. No. 44. Plaintiff has filed an opposition, Dkt. No. 45, and defendants have filed a reply, Dkt. No. 47. For the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART defendants' motion to dismiss.

## PROCEDURAL BACKGROUND

In the original complaint, plaintiff alleged that, on May 24, 2017, PBSP officers Molina, Hendrix, Gonzalez and Vick used excessive force on him and PBSP Warden Ducart was deliberately indifferent to his serious medical needs. Dkt. No. 1, Dkt. No. 11. On September 3, 2019, the Court denied defendants' motion to dismiss the excessive force claims against defendants Molina, Hendrix, Gonzalez, and Vicks, but granted defendants' motion to dismiss the deliberate indifference to serious medical needs claim against defendant Ducart. Dkt. No. 37. Specifically, in declining to dismiss the excessive force claim against defendants Molina, Hendrix, and Gonzalez, the Court found the following:

> Liberally construed and accepted as true for the purposes of this motion to dismiss, the complaint's allegation that plaintiff was unarmed and not a threat when Defendant Molina authorized correctional officials to shoot at him and when Defendants Hendrix and Gonzalez shot at him states a cognizable claim for excessive force in the violation of the Eighth Amendment. Even if the actions taken by Defendants Molina, Hendrix and

> Gonzalez were in the context of subduing a prison riot, if plaintiff was unarmed and not a threat, as alleged in the complaint, it is plausible that shooting at plaintiff would not be a good-faith effort to maintain or restore discipline, but would rather be an action done with malice with the intent to cause harm to plaintiff.

Dkt. No. 37 at 6. The Court noted that "it is plausible that when Defendants shot at unarmed inmates who were in the general vicinity of the riot but did not pose a threat, such an action was not taken in good faith, or such an action was not done with the intent to restore discipline, or the action taken was not proportionate to the needs of the situation." Dkt. No. 37 at 7. Pursuant to this reasoning, the Court also declined to dismiss the excessive force claim against defendant Vick. *Id.* The Court found that the complaint's allegations failed to state a cognizable Eighth Amendment claim against Warden Ducart for deliberate indifference to plaintiff's serious medical needs, but granted him leave to amend this claim. Dkt. No. 37 at 8-9.

On September 30, 2019, plaintiff filed an amended complaint. Dkt. No. 38. On November 29, 2019, the Court screened the amended complaint and found that it stated a cognizable Eighth Amendment excessive force claim against defendants Molina, Hendrix, Vick, and Gonzalez, but dismissed with prejudice the Eighth Amendment deliberate indifference to serious medical needs claim against Warden Ducart. Dkt. No. 43.

## DISCUSSION

### I.      Legal Standard for Rule 12(b)(6) Motion

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss an action based on the complaint's failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claim alleged. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). The issue is "not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims" advanced in his or her complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183

(1984). "[A] complaint need not contain detailed factual allegations; rather, it must plead enough facts to state a claim to relief that is plausible on its face." *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins*, 568 F.3d at 1067. All ambiguities or doubts must also be resolved in the plaintiff's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). "[T]o ensure that *pro se* litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements[,]" the pleadings of *pro se* litigants "are liberally construed, particularly where civil rights claims are involved." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In evaluating the motion to dismiss, the Court may only consider the complaint and documents attached as exhibits to the complaint. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.") (internal quotation marks and citation omitted). For the purposes of the motion to dismiss, the Court must accept as true the allegations in the complaint even if they are contradicted by evidence presented in later-filed pleadings or by the plaintiff's own later-filed pleadings. *See Lee*, 250 F.3d at 688; *Cousins*, 568 F.3d at 1067.

The Court must grant leave to amend a deficient complaint "[u]nless it is absolutely clear that no amendment can cure the defects." *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1126, 1130 (9th Cir. 2000).

**II.    Legal Standard for Eighth Amendment Claims and Section 1983 Claims**

The treatment a convicted prisoner receives in prison and the conditions under which he is

confined are subject to scrutiny under the Eighth Amendment.  *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment."  *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted).  A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 824, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton, *id.* (citing *Wilson*, 501 U.S. at 297); *LeMaire v. Maass*, 12 F.3d 1444, 1451 (9th Cir. 1993).

The requisite state of mind to establish an Eighth Amendment violation depends on the nature of the claim.  In prison-conditions cases, the necessary state of mind is one of "deliberate indifference."  *See, e.g., Farmer*, 511 U.S. at 834 (inmate safety); *Wilson*, 501 U.S. at 302-03.  But where a prisoner claims that prison officials used excessive force, he must show that the officials applied force maliciously and sadistically to cause harm.  *Hudson v. McMillian*, 503 U.S. 1, 6 (1992).  In addition, the "malicious and sadistic" standard applies where a prisoner challenges not so much conditions of confinement or indifference to his medical needs that do not clash with important governmental responsibilities, but rather levels his complaint at measured practices and sanctions used in exigent circumstances or imposed with considerable due process to maintain control over difficult prisoners.  *See LeMaire v. Maass*, 12 F.3d 1444, 1452-54 (9th Cir. 1993) (citing *Whitley*, 475 U.S. at 320-22, and *Hudson*, 503 U.S. at 6-7).  The core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  *Hudson*, 503 U.S. at 6-7; *Jeffers v. Gomez*, 267 F.3d 895, 912-13 (9th Cir. 2001) (applying "malicious and sadistic" standard to claim that prison guards used excessive force when attempting to quell a prison riot, but applying "deliberate indifference" standard to claim that guards failed to act on rumors of violence to prevent the riot).  In determining whether the use of force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of

any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7; *see also Spain v. Procunier*, 600 F.2d 189, 195 (9th Cir. 1979) (guards may use force only in proportion to need in each situation).

### III.  Motion to Dismiss on Qualified Immunity Grounds

Granting dismissal on the basis of qualified immunity pursuant to a Rule 12(b)(6) motion is only appropriate if the Court can determine from the face of the complaint that qualified immunity applies. *Groten v. Calif.*, 251 F.3d 844, 851 (9th Cir. 2001). A court considering a claim of qualified immunity makes a two-pronged inquiry: (1) whether the plaintiff has alleged the deprivation of an actual constitutional right and (2) whether such right was clearly established at the time of the defendant's alleged misconduct. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (quoting *Saucier v. Katz*, 535 U.S. 194, 201 (2001)). The Court may exercise its discretion in deciding which prong to address first, in light of the particular circumstances of each case. *Pearson*, 555 U.S. at 236 (noting that while the *Saucier* sequence is often appropriate and beneficial, it is no longer mandatory). "[A] right is clearly established only if its contours are sufficiently clear that 'a reasonable official would understand that what he is doing violates that right.' In other words, 'existing precedent must have placed the statutory or constitutional question beyond debate.'" *Carroll v. Carman*, 574 U.S. 13, 16 (2014). The inquiry of whether a constitutional right was clearly established must be undertaken in light of the "specific context" of the case, not as a broad general proposition. *Saucier*, 533 U.S. at 202. The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Id.*

### IV.  Analysis

Defendants argue that plaintiff cannot demonstrate that defendants Gonzalez, Hendrix, Molina or Vick acted with the requisite malicious and sadistic intent because defendants acted in good faith to end a dangerous prison riot that had erupted on May 24, 2017. Defendants reference Rules Violation Report ("RVR") No. 2972329, which is attached to the amended complaint, in support of their argument. Specifically, defendants note that RVR No. 2972329 describes the

5

incident as a "dramatic effort by some 130 inmates to kill correctional officers;" states that correctional staff, including defendants, used force during the incident to save their own lives and the lives of other staff members; and states that defendant Molina ordered prison staff to use deadly force because he saw an overwhelming number of inmates charging toward staff from all directions from every area of the recreational yard. Dkt. No. 44 at 7. Defendants further argue that plaintiff cannot demonstrate that defendants Gonzalez, Hendrix, Molina or Vick personally deprived him of a constitutional right because plaintiff appears to be alleging that defendant Hendrix did not cause his injuries, because plaintiff does not assert that either defendants Gonzales or Vick shot him, and because plaintiff has not alleged that defendant Molina's actions had the requisite malicious and sadistic motivation. Finally, defendants argue that they are entitled to qualified immunity because no officer would have known that trying to stop a prison riot of nearly 130 inmates would violate the Constitution.

Plaintiff argues that he has stated a cognizable Eighth Amendment claim because it is "inconceivable" to believe that defendants acted without the requisite malicious and sadistic intent because they shot multiple times into a crowd of unarmed and nonthreatening inmates; that the RVR is not reliable because it is a perfunctory *pro forma* report that is riddled with inconsistent statements and was not given to plaintiff; plaintiff was not provided with warning before the use of force; plaintiff was not acting in a threatening manner; that it is inconceivable that the shooting was accidental; and that it is inconceivable that that defendants Hendrix, Vick and Gonzalez had no other force options available other than deadly force with an assault rifle.[1]  *See generally* Dkt. No. 45. Plaintiff argues that defendants are not entitled to qualified immunity because only two out of the nine gun towers found it necessary to use lethal force on inmates; there is no justice in shooting human beings in the face to maintain or restore order, especially where that inmate does not present any threat; and the amount of force used to maintain order must be proportionate to the

---

[1] As explained *supra*, the Court may not consider materials outside the pleadings. *Ritchie*, 342 F.3d at 908. The Court has disregarded, as it must, any arguments based on materials outside the pleadings. Accordingly, in deciding the motion to dismiss, the Court has not considered plaintiff's arguments regarding each individual defendant's alleged involvement, or lack thereof, in the shooting. Similarly, the Court does not consider, at this stage in the litigation, plaintiff's allegations that defendants violated the CDCR's use of force policy.

situation. Dkt. No. 45 at 12-17.

On a motion to dismiss, the question is whether the amended complaint's allegations state a cognizable claim for relief, liberally construing all allegations in the light most favorable to plaintiff and assuming the allegations of material fact to be true. In considering the parties' arguments, the Court may consider RVR No. 2972329 because it was submitted as part of the amended complaint. *Lee*, 250 F.3d at 688–89. However, RVR No. 2972329 was authored by prison officials and describes prison officials' version of the relevant events. At the motion to dismiss stage, therefore, the Court does not accept as fact either RVR No. 2972329's characterization of the severity of prison riot or RVR No. 2972329's conclusion as to the appropriateness of the force used. After carefully considering the amended complaint and the applicable legal standards, the Court GRANTS the motion to dismiss as to defendants Gonzalez and Vick, but DENIES the motion to dismiss as to defendants Hendrix and Molina.

The amended complaint alleges that defendants' use of deadly force on May 24, 2017, resulting in plaintiff being shot in the face, violated the Eighth Amendment. However, the amended complaint links only defendants Molina and Hendrix to plaintiff's injury. The complaint specifies that defendant Hendrix shot plaintiff in the face, and that defendant Molina unnecessarily authorized the use of force. With respect to defendants Vick and Gonzalez, the amended complaint only alleges that defendants Vick and Gonzalez used deadly force by firing their assault rifles and does not link these shots to plaintiff's injury. In defendant Vick's case, the amended complaint alleges that defendant Vick fired four shots overall, three of the shots were warning shots and the remaining shot was either a warning shot or a deadly/lethal shot. In defendant Gonzalez's case, the amended complaint alleges that defendant Gonzalez fired three warning shots. Dkt. No. 38 at 6. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)) (emphasis in original). "The inquiry into causation must be individualized . . ." *Id.* Here, despite construing the amended complaint's allegations in the light

7

most favorable to plaintiff, the amended complaint fails to state a cognizable claim against either defendant Vick or defendant Gonzalez for a deprivation of plaintiff's constitutional right. The dismissal of defendants Vick and Gonzalez is without leave to amend because the deficiency cannot be cured with the allegations of other facts consistent with the amended complaint. *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986) ("leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency").

With respect to defendants Molina and Hendrix, the amended complaint alleges that, on May 24, 2017, defendant Molina authorized the use of deadly force without requiring correctional officials to determine whether the inmates posed a threat to prison safety, and that defendant Hendrix shot plaintiff despite plaintiff objectively posing no threat to prison safety. Dkt. No. 38 at 6-7. Liberally construed, these allegations state cognizable Eighth Amendment claims against defendants Molina and Hendrix for use of excessive force in quelling the riot. The determination as to whether the force used was excessive turns in part on the threat reasonably perceived by the responsible officials and any efforts made to temper the severity of a forceful response and, liberally construed, the amended complaint alleges that it was not reasonable to perceive the threat as requiring the use of deadly force. The amended complaint sufficiently links the deprivation of plaintiff's constitutional rights to defendant Molina's blanket authorization of the use of deadly force and to defendant Hendrix's actions.

Finally, at this stage, a motion to dismiss on qualified immunity grounds puts the Court in the difficult position of deciding "far-reaching constitutional questions on a non-existent factual record." *Kwai Fun Wong v. United States*, 373 F.3d 952, 957 (9th Cir. 2004). The qualified immunity inquiry is a fact-specific analysis. *See Saucier*, 533 U.S. at 202 (inquiry of whether constitutional right was clearly established must be undertaken in light of the "specific context" of the case). The cases cited by defendants, *Jeffers v. Gomez*, 267 F.3d 895, 912-13 (9th Cir. 2001), and *Torres v. Runyon*, 80 Fed. App'x 594, 2003 WL 22598339 (9th Cir. 2003), where qualified immunity was granted to correctional officials with respect to their use of force in subduing a prison riot were decided at the summary judgment stage where the courts had the benefit of a

8

developed record. Here, the record is not yet developed as to whether defendant Molina acted reasonably in allowing a blanket use of deadly force on all inmates and as to whether defendant Hendrix acted reasonably in using deadly force. Accordingly, the Court finds that dismissal based on qualified immunity is not appropriate here. *See, e.g., Morley v. Walker*, 175 F.3d 756, 761 (9th Cir. 1999) (because allegations in complaint are regarded as true on a motion to dismiss, dismissal based on qualified immunity is inappropriate).

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The Court GRANTS defendants' motion to dismiss with respect to defendants Vick and Gonzalez, and DENIES defendants' motion to dismiss with respect to defendants Molina and Hendrix. Defendants Vick and Gonzalez are DISMISSED from this action without leave to amend and the Clerk shall terminate these defendants from this action.

2. The Court sets the following briefing schedule. No later than 91 days from the date this Order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than 28 days from the date the motion is filed. Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

This order terminates Dkt. No. 44.

**IT IS SO ORDERED.**

Dated: 7/20/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge