UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL AGUILERA,<br><br>    Plaintiff,<br><br>v.<br><br>T. MOLINA, et al.,<br><br>    Defendants. | Case No. 18-cv-03389-HSG<br><br>**ORDER DENYING MOTION TO COMPEL WITHOUT PREJUDICE; GRANTING MOTION FOR STAY; STAYING AND ADMINISTRATIVELY CLOSING CASE**<br><br>Re: Dkt. Nos. 55, 60 |

Plaintiff has filed a *pro se* civil rights action under 42 U.S.C. § 1983. Now pending before the Court are (1) Plaintiff's motion to compel, Dkt. No. 55, and (2) Defendants' motion to stay this action pending resolution of state court criminal proceedings against Plaintiff, Dkt. No. 60.[1] For the reasons set forth below, the Court DENIES Plaintiff's motion to compel without prejudice and GRANTS Defendants' motion to stay.

**DISCUSSION**

**I.  Motion to Compel**

Plaintiff has filed a motion to compel responses to the request for admission and the three interrogatories listed at Dkt. No. 55 at 3-4. Defendants Molina and Hendrix have filed an opposition, arguing *inter alia* that Plaintiff has not complied with the meet-and-confer requirement set forth in Fed. R. Civ. P. 37 and N.D. Cal. L. R. 37-1(a). Dkt. Nos. 56, 57. Plaintiff has not filed a reply in support of his motion and the deadline to do so has since passed.

---

[1] Plaintiff has also filed a letter with the Court, docketed on September 17, 2020, stating that although he has paid the filing fee in full, his prison account continues to be debited for the filing fee. Dkt. No. 58. The Court has been informed that Plaintiff's prison account was refunded the overpayment on December 2, 2020.

Plaintiff's motion to compel is DENIED without prejudice to re-filing after he complies with the meet-and-confer requirement set forth in Fed. R. Civ. P. 37 and N.D. Cal. L. R. 37-1(a). Fed. R. Civ. P. 37(a)(1) requires that a motion to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Local Rule 37-1(a) provides that the Court will not entertain a request or a motion to resolve a discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues. N.D. Cal. L. R. 37-1(a).

Plaintiff's motion to compel lacks the necessary certification that Plaintiff has conferred in good faith with Defendants in an effort to obtain the requested discovery without court action. Plaintiff's January 21, 2020 "Notice Before Filing Motion to Compel" was served on Defendants at the same time he served the discovery requests at issue. *See* Dkt. No. 55 at 3-4; Dkt. No. 56-1 ("Skebe Decl."), at ¶ 3. Defendants Hendrix, Molina, Vick, and Gonzalez served responses on February 5, 2020.[2] Skebe Decl., ¶¶ 4-10. Plaintiff has not met and conferred with Defendants at any time after serving the disputed discovery requests. Skebe Decl., ¶ 12.

Accordingly, Plaintiff's motion to compel is DENIED without prejudice to re-filing with the requisite certification if he is unable to resolve the dispute after good faith meet-and-confer efforts. However, as explained below, this case is now stayed pending resolution of state court proceedings.

**II.    Motion to Stay**

Defendants have requested that the Court stay this action until after the conclusion of a parallel state court criminal proceeding against Plaintiff. Dkt. No. 60. Plaintiff has not filed an opposition, and the deadline to do so has since passed.

**A.    Background**

The amended complaint alleges that, on May 24, 2017, defendant Molina authorized the use of deadly force to quell a prison riot without requiring correctional officials to determine

---

[2] Since February 5, 2020, defendants Vick and Gonzalez have been dismissed from this action. Dkt. No. 54.

2

1    whether the inmates posed a threat to prison safety, and that defendant Hendrix consequently shot

2    Plaintiff in the face despite Plaintiff objectively posing no threat to prison safety, in violation of

3    the Eighth Amendment's prohibition against use of excessive force.  Dkt. No. 38 at 6-7.  Plaintiff

4    seeks his costs for bringing suit, $5 million in compensatory damages, $5 million in punitive

5    damages, and free healthcare and medical insurance for the rest of his life.  Dkt. No. 38 at 3.

6         On April 13, 2020, the Del Norte County District Attorney's Office filed a criminal

7    complaint against Plaintiff relating to Plaintiff's alleged participation in the May 24, 2017 riot at

8    Pelican Bay State Prison ("PBSP"), *People v. Aguilera*, Del Norte County Sup. Ct. Case No.

9    DNSU-CRPB-2020-5019-1 ("*Aguilera I*").  Dkt. No. 60, RJN Ex. A.[3]  The information, filed on

10   September 10, 2020, charges Plaintiff with *inter alia* eight counts of assault (Cal. Penal Code §

11   4501(b)) (a separate assault charge for each of the following correctional officers: Sgt. Daniel

12   Mount, Officer Paul Hicks, Officer Travis Molina, Officer Dale McDonald, Officer Zackery

13   McCully, Officer Sergio Chavez, Officer Anival Avila, and Officer John Franz) and with one

14   count with inciting a riot (Cal. Penal Code § 404.6).  Dkt. No. 60, RJN Ex. B.

15        At the September 8, 2020 preliminary hearing in *Aguilera I*, PBSP Officer Bolden testified

16   regarding his investigation of the May 24, 2017 riots.  Officer Bolden testified that, in the course

17   of his investigation, he interviewed various officers.  According to the interviews, during the riot,

18   inmates outnumbered the officers and were attacking the officers.  At least two officers were

19   pinned against a fence with multiple inmates punching and kicking the officers, and the officers

20   appeared unable to defend themselves.  The prison officers believed that there was a high chance

21   that officers would die that day due to the size of the attack/riot, the two individual officers being

22   attacked by ten to twenty inmates, and the presence of an officer who was unconscious on the

---

[3] The Court GRANTS Defendants' request for judicial notice of (1) the Del Norte County Superior Court online docket for *People v. Angel David Aguilera*, Del Norte County Superior Court, Case No. DNSU-CRPB-2020-5019-1, printed on September 21, 2020, and (2) the Information filed in *Aguilera I* because the docket is a document that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned, and because the information is a court pleading that has a direct relation to the matters at issue.  *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (federal courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue.") (internal quotation marks and citation omitted); Fed. R. Evid. 201(b).

United States District Court
Northern District of California

ground and unable to defend himself. Defendant Hendrix stated that he fired his weapon fourteen times. Thirteen of the shots were warning shots fired into the ground. The remaining shot was fired by defendant Hendrix at the group of inmates who had pinned Sergeant Mount against the fence and were attacking Sergeant Mount, with the purpose of defending Sergeant Mount. Dkt. No. 66 at 4-5. Officer Hendrix stated that, after he shot at the inmates, he observed the inmate at whom he aimed stumble back and fall on the ground. Dkt. No. 66 at 4. After the riot subsided, correctional officers were informed that Plaintiff had suffered a gunshot wound to the face, and believe that Plaintiff was the inmate who had been shot by defendant Hendrix. Dkt. No. 66 at 5. In reviewing the video surveillance of the riot, Superior Court Judge McElfresh stated, "[T]he video is quite clear that [Plaintiff] went from 1 yard to the other and went to the fight and was shot while participating in the actual fight." Dkt. No. 66 at 6.

**B.     Analysis**

Defendants have requested that the Court stay this action until the conclusion of *Aguilera I* for three reasons. First, Defendants argue that conviction of one or more counts of assault in *Aguilera I* would likely require dismissal of the excessive force claims against Defendants, citing *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994), and *Cunningham v. Gates*, 312 F.3d 1148, 1154-55 (9th Cir. 2002, *as amended* Jan. 14, 2003). Second, Defendants argue that that a stay is appropriate pursuant to the *Younger* abstention doctrine because allowing this case to proceed concurrently with the criminal proceeding runs the risk of the Court deciding issues that would bear directly on the validity of the criminal charges against Plaintiff. Finally, Defendants argue that judicial economy supports granting a stay because a conviction on any of the assault charges in *Aguilera I* would require dismissal of this case. Dkt. No. 60. As discussed below, the Court agrees that a stay is compelled by *Heck* and supported by the principles of judicial economy. The Court declines to address whether a stay is appropriate pursuant to *Younger*.

        1)     ***Heck* Bar to Excessive Force Claim**

               a)     **Legal Standard**

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence

invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487.

When a state prisoner seeks damages in a § 1983 suit, the district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck*, 512 U.S. at 487. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit such as abstaining in response to parallel state-court proceedings. *Id.* at 487 & n.8 (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)).

### b) Analysis

Defendants argue that a stay is appropriate because if Plaintiff is convicted of any of the assaults for which he has been charged, that conviction may bar the excessive force claims raised herein, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

The Court agrees that *Heck* may bar Plaintiff's excessive force claims if he is convicted in *Aguilera I*. The core judicial inquiry in evaluating an Eighth Amendment excessive force claim is whether prison officials applied force in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The elements of the offense set forth in Cal. Penal Code § 4501(b) are: (1) an assault on another person (2) by any means of force likely to produce great bodily injury (3) by a state prisoner. Cal. Penal Code § 4501(b). In *Aguilera I*, Officer Bolden has testified on behalf of the prosecution that, according to his investigation, the May 24, 2017 riot was of a magnitude that required an institution-wide response; that prison officials reasonably believed that there was a high chance that officers would die that day due to the size of the attack and the instances of individual officers

being assaulted by between ten to twenty prisoners; and that Plaintiff was shot because defendant Hendrix was trying to defend Officer Mount from assault by Plaintiff and other inmates. *See* ECF No. 66 at 2-5.  A judgment in favor of Plaintiff in this action could imply the invalidity of a conviction in *Aguilera I* because the facts supporting the conviction (for example, that it was apparent from the magnitude of the riot and the danger posed to individual correctional officers that deadly force was needed to quell the riot, and that defendant Hendrix shot Plaintiff in the face to defend Sergeant Mount from assault by Plaintiff and other inmates) could contradict Plaintiff's version of events (the need for deadly force to quell the riot was not readily apparent and defendant Hendrix shot Plaintiff after the riot was contained).

Generally, a stay is not the appropriate course of action should a federal claim be barred pursuant to *Heck*.  *Heck* makes it clear that a Section 1983 "cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck*, 512 U.S. at 489-90 (footnote omitted).  A claim barred by *Heck* is not cognizable and should therefore be dismissed. *See Edwards v. Balisok*, 520 U.S. 641, 649 (1997) (court should not stay any § 1983 claim for damages implicating validity of existing criminal conviction or sentence until criminal proceedings are completed).  Here, however, *Aguilera I* was only recently commenced, and has not yielded any convictions.  Accordingly, a stay, rather than a dismissal, is appropriate.

### 2) Judicial Economy

Defendants argue that judicial economy supports granting a stay because a conviction on any of the assault charges in *Aguilera I* could require dismissal of this case.  Defendants further argue that the case remains in its early stages because, despite being filed in 2018, the operative complaint (the first amended complaint) was not screened until July 2020; because although Plaintiff's deposition has been taken, there is still outstanding discovery, including expert discovery; and because Defendants have not yet filed a summary judgment motion.  Because a conviction in *Aguilera I* could require dismissal of this case, the Court finds that judicial economy compels staying this case.

//

**CONCLUSION**

For the reasons set forth above, the Court orders as follows.

1. The Court DENIES Plaintiff's motion to compel without prejudice. Dkt. No. 55.

2. The Court GRANTS Defendants' motion to stay. Dkt. No. 60.

3. This case is STAYED pending resolution of the charges against Plaintiff. Within thirty days of the disposition of the criminal charges against Plaintiff, Plaintiff shall file a status report with the Court indicating whether he desires to continue this action and Defendants shall file a status report indicating whether they will seek dismissal of this action. Failure to comply with these deadlines may result in the dismissal of this action. The Clerk of the Court is hereby directed to ADMINISTRATIVELY CLOSE the case.

4. The Court ORDERS Defendants to file status reports every six months regarding the progress of *Aguilera I*. Status reports are due the first of September, and the first of March. The next status report shall be filed by September 1, 2021, and the following status report shall be filed by March 1, 2022.

This order terminates Dkt. Nos. 55, 60.

**IT IS SO ORDERED.**

Dated: 3/1/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge